IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re: SSGWWJV, LLC | ) | |
| | ) | Case No.: 18-82949-CRJ-11 |
| EIN: xx-xxx5782 | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 11 |

## MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE
## AND REQUEST FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY

COMES NOW SSGWWJV, LLC, as Chapter 11 Debtor ("Debtor"), and shows unto this Honorable Court the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this proceeding pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought in this Motion are §§ 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006.

### BACKGROUND

4. On October 3, 2018, the Debtor commenced with this Court a voluntary case under Chapter 11 of Title 11, United States Code.

5. After receiving notice of the Debtor's bankruptcy filing, the General Services Administration ("GSA") failed to tender a payment to the Debtor of approximately $240,000.00, which was due to be paid in late-October (the "Payment"). As of the filing of this Motion, the Payment still remains unpaid.

6. The Debtor made demands upon GSA to immediately remit the Payment, without avail. When GSA informed the Debtor that it would be represented by the U.S. Attorney, the Debtor made further demands upon the U.S. Attorney's Office for GSA to immediately remit the Payment, without avail.

7. The Payment constitutes property of the Debtor's estate pursuant to 11 U.S.C. § 541.

8. The Debtor avers that the U.S. Department of Labor's Wage and Hour Division ("Labor") has demanded that GSA transfer the sums owed to the Debtor to Labor while Labor conducts its own investigation related to the termination of three GSA contracts.

9. These three GSA contracts that Labor is "investigating" are the same contracts that the Debtor rejected, with notice to GSA and approval by this Court (Doc. 48).

10. Labor is not a creditor in this case, and the Debtor avers that it has not violated any federal labor laws in connection with this case.

11. Instead, the Debtor avers Labor's actions are motivated by the fact that the Debtor's unionized work-force filed a grievance against the Debtor in connection with the termination of its GSA contracts. Rather than bringing any such issues before this Court or opposing the Debtor's rejection of these contracts, Labor is attempting to circumvent this Court's jurisdiction by unilaterally seizing property of the Debtor's estate to pay the union members' claims.

12. Labor's attempt to intercept the Payment is a violation of 11 U.S.C. § 362(a)(3).

13. Because of GSA's wrongful withholding of the Payment, the Debtor has been unable to make its payroll, has had some employees leave their jobs, and is currently two months behind on paying UnitedHealthcare approximately $60,000.00 for post-petition health insurance.

14. UnitedHealthcare has given the Debtor notice that it intends to seek stay relief to terminate the Debtor's health insurance.

15. Because of GSA's continued failure to make the Payment, the Debtor's ability to reorganize is becoming increasingly unlikely.

16. GSA's failure to timely remit the Payment and Labor's violation of 11 U.S.C. § 362 are directly and proximately causing damage to the Debtor.

**PRAYERS FOR RELIEF**

WHEREFORE, premises considered, the Debtor, SSG WW JV LLC, requests that this Honorable Court enter an Order:

(a) Pursuant to 11 U.S.C. § 542, requiring GSA to immediately turnover the entirety of the Payment to the Debtor;

(b) Setting an evidentiary hearing to determine the extent of the Debtor's damages to which GSA is liable for failing to timely turnover the payment;

(c) Setting an evidentiary hearing to determine the extent of the Debtor's damages to which Labor is liable for violating 11 U.S.C. § 362;

(d) After said evidentiary hearings, awarding the Debtor actual damages against GSA and Labor, including attorney's fees and costs; and

(e) Granting such further relief as this Court deems just and proper.

Respectfully submitted, this 4th day of December, 2018.

                                            */s/ Tazewell T. Shepard*
                                            Tazewell T. Shepard III
                                            Tazewell T. Shepard IV
                                            *Attorneys for the Debtor-in-Possession*
                                            **SPARKMAN, SHEPARD & MORRIS, P.C.**
                                            P.O. Box 19045
                                            Huntsville, AL 35804
                                            Tel: (256) 512-9924
                                            Fax: (256) 512-9837

## CERTIFICATE OF SERVICE

This is to certify that I have this 4th day of December, 2018, served the foregoing document upon the Debtor's twenty (20) largest unsecured creditors; the Bankruptcy Administrator for the Northern District of Alabama, P.O. Box 3045, Decatur, AL 35602; the United States Attorney for the Northern District of Alabama, 1801 4th Avenue North, Birmingham, AL 35203; the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001; United States Department of Labor, 200 Constitution Avenue NW, Washington, DC 20210; General Services Administration, 1800 F Street NW, Washington, DC 20405; and any parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002 by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

*/s/ Tazewell T. Shepard*
Tazewell T. Shepard