IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| SSGWWJV, LLC | ) BANKRUPTCY CASE NO: 18-82949-CRJ |
| | ) |
| DEBTOR. | )   CHAPTER 11 |

RESPONSE OF THE UNITED STATES OF AMERICA TO THE DEBTOR'S MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE AND REQUEST FOR SANCTIONS FOR VIOLATION OF AUTOMATIC STAY

Comes now the United States of America ("united States") on behalf of its agencies, the Government Services Administration ("GSA") and the United States Department of Labor ("DOL") and respond to the Debtor's Motion for Turnover of Property of the Estate and Request for Sanctions for Violation of the Automatic Stay ("Motion"). For its response the United States responds as follows:

JURISDICTION AND VENUE

1. The United States admits the allegation contained in paragraph one of Motion.

2. The United States admits the allegation contained in paragraph two of Motion.

3. The United States denies the allegation contained in paragraph three of Motion.

BACKGROUND

4. The United States admits the allegation contained in paragraph four of Motion.

5. The United States admits the allegation contained in paragraph five of Motion and would further state that the unpaid amount for the month of October 2018 is $259,846.63. This amount pertains to the following three GSA contracts as follows:

      a. Brownsville, TX:     $ 62,174.53
      b. Fort Worth, TX:     $ 69,044.69
      c. Little Rock, AR:     $ 128,627.41

These funds represent unpaid amounts relating to three contracts that the Debtor had with GSA. Each of the contracts is subject to the McNamra-O'Hara Service Contract Act ("SCA") and the Contract Work Hour and Safety Standards Act ("CWHSSA").

6. The United States admits the allegation contained in paragraph six of the Motion.

7. The United States denies the allegation contained in paragraph seven of the Motion and asserts that the funds referenced in paragraph five are not property of the estate. See In re Career Consultants, Inc., 84 B.R. 419, 424-25 (Bankr. E.D. Va. 1988).

8. The United States denies the allegation contained in paragraph eight of the Motion but does assert that GSA did receive from DOL three letters referencing: Withholding of Contract Funds. A copy of each letter is attached hereto as Exhibit A, Exhibit B and Exhibit C. As of the date of the respective letters, amounts were due for the three contracts as follows: The DOL requested withholdings per the letters are as follows:

    a. Brownsville, TX:     $ 163,671.40
    b. Fort Worth, TX:      $  50,181.44
    c. Little Rock, AR:     $  96,335.00

The amounts are estimated pending a final determination.

The amounts represent the wages and benefits for the employees that have been underpaid by the Debtor through October 31, 2018. These back wages would include SCA prevailing wage violations, health and welfare (fringe) benefits violations, and overtime violations (CWHSSA).

To the extent that there are unpaid wages and benefits related to the specific contracts, the funds which remain unpaid from the GSA contracts belong to the employees and are not property of the bankruptcy estate.

9. The United States admits the allegation contained in paragraph nine of the Motion.

10. The United States admits that DOL is not a creditor of the Debtor and is without information to form a belief as to the truth of the remaining allegations contained in paragraph ten of the Motion.

11. The United States denies the allegation contained in paragraph eleven of the Motion.

12. The United States denies the allegation contained in paragraph twelve of the Motion and asserts that the actions taken by DOL are an exception to the automatic stay as stated in 11 U.S.C. § 362(b)(4). The United States asserts that the amounts that DOL has requested GSA withhold from any amounts that remain unpaid on the three contracts are being withheld as a function of DOL's regulatory power as found in 11 U.S.C. § 362(b)(4) and is excepted from the automatic stay. These funds are not property of the estate. See 29 C.F.R. § 4.187(a) and <u>In re Career Consultants, Inc.</u>, 84 B.R. 419, 424-25 (Bankr. E.D. Va. 1988).

13. The United States is without information to form a belief as to the truth of the allegation contained in paragraph thirteen of the Motion.

14. The United States is without information to form a belief as to the truth of the allegation contained in paragraph fourteen of the Motion.

15. The United States is without information to form a belief as to the truth of the allegation contained in paragraph fifteen of the Motion.

16. The United States is without information to form a belief as to the truth of the allegation contained in paragraph sixteen of the Motion.

Based on the foregoing, the United States of America asserts on behalf of GSA and DOL, the Debtor is not entitled to any relief that is requested in the Motion.

Respectfully submitted on this the 18th day of December 2018.

>JAY E. TOWN
>Acting United States Attorney
>
>*/s/Richard E. O'Neal*
>RICHARD E. O'NEAL
>Assistant United States Attorney
>1801 4th Avenue North
>Birmingham, Alabama 35203
>(205) 244-2120

CERTIFICATE OF SERVICE

      This is to certify that a copy of the foregoing has been served upon the following by electronic mail or first-class United States Mail, properly addressed and postage prepaid on this the 18th day of December 2018.

Mr. Tazewell Shepard  
Tazewell Shepard, P.C.  
PO BOX 19045  
HUNTSVILLE, AL 35804

Mr. Tazewell Taylor Shepard, IV  
Sparkman, Shepard & Morris, P.C.  
P.O. Box 19045  
Huntsville, AL 35804

Mr. Richard Blythe  
Bankruptcy Attorney  
Office of the Bankruptcy Administrator  
P.O. Box 3045  
Decatur, Alabama 35602

                                            */s/Richard E. O'Neal*  
                                            RICHARD E. O'NEAL  
                                            Assistant United States Attorney