# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

In re: SARAI SERVICES GROUP, INC.[1] )
) Case No.: 18-82948-CRJ-11
EIN: xx-xxx2969 )
)
Debtor. ) CHAPTER 11
)

COMES NOW, SSGWWJV LLC, (the "Debtor") and files this brief, as required by the Court's Order dated December 20, 2018, as follows:

## I. QUESTIONS PRESENTED

1. Do funds that the General Services Administration ("GSA") owe to the Debtor for work performed pre- and post-petition constitute property of the Debtor's bankruptcy estate when the Department of Labor ("Labor") makes demand, after the petition date, for GSA to turnover the funds to Labor?

2. Does the 11 U.S.C. § 362(b)(4) police powers exception shield Labor and GSA from violating the 11 U.S.C. § 362 (the "Automatic Stay") when Labor takes overt steps to take possession of estate funds on behalf of employee-creditors of the Debtor?

## II. FACTS

1. On October 3, 2018, the Debtor commenced with this Court a voluntary case under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

2. GSA has failed to remit payment to the Debtor for approximately $260,000.00 (the "Payment").

---

[1] In addition to Sarai Services Group, Inc., the Debtors include the following: SSGWWJV LLC, Case No. 18-82949-CRJ-11; Sarai Investment Corporation, Case No. 18-82950-CRJ-11; and CM Holding, Inc., Case No. 18-82951-CRJ-11.

3. The Debtor has made numerous demands upon GSA to immediately remit the Payment, without avail; GSA has also impounded about $40,000.00 in personal property belonging to the Debtor.

4. It is the Debtor's understanding that Labor has demanded that GSA transfer part of the sums owed the Debtor to Labor while Labor conducts its own investigation related to the Debtor's rejection of GSA contracts as previously approved by this Court.

5. Labor is not a creditor in this case; it is acting as a collection agency on behalf of former employees as preferred creditors of the Debtor.

6. According to its Response, Labor intends to distribute the withheld funds of the Debtor to certain former employees of the Debtor in violation of 11 U.S.C. § 507 and without seeking any approval of this Court.

7. According to the United States's Response, the Payment due to the Debtor may be broken down as follows across three government contracts:

   (a)  Brownsville, TX:      $62,174.53
   (b)  Fort Worth, TX:       $69,044.69
   (c)  Little Rock, AR:      $128,627.41

8. Labor seeks possession of the entirety of the sums due on the Brownsville, TX contract, $50,181.44 on the Fort Worth, TX contract, and $96,335.00 on the Little Rock, AR contract.

9. **Even assuming that Labor is correct and it is entitled to take possession of the amounts it claims in the preceding paragraph, the United States has given no justification for continuing to withhold $18,863.25 in surplus funds on the Fort Worth contract and $32,292.41 in surplus funds on the Little Rock contract. Consequently, GSA is currently refusing to turnover $51,155.66 in funds and $40,000.00 in equipment, both of which GSA and Labor concede belong to the Debtor.**

10. Every day that GSA fails to make the Payment and to release the Debtor's equipment further weakens the Debtor's ability to reorganize.

**III.     CITATION OF AUTHORITIES AND LEGAL ARGUMENT**

   A.  MONEYS OWED TO THE DEBTOR AS OF, OR AFTER, THE PETITION DATE CONSTITUTE PROPERTY OF THE BANKRUPTCY ESTATE.

   i.  The Statutory Definition of Property of the Bankruptcy Estate is Broadly Defined to Include All Property to which the Debtor has an Interest.

Title 11 of the United States Code (the "Bankruptcy Code") interprets property of the bankruptcy estate broadly: "Section 541 provides that the commencement of a case creates an estate consisting, most importantly, of all legal or equitable interests of the debtor in property at the time of commencement of the case." *Matter of Spain*, 55 BR 849, 853 (Bankr.N.D. Ala. 1985)(citing *Collier on Bankruptcy* § 541.02 at 541-10 (15th ed. 1985). Such property includes rights to payment and collection of outstanding accounts receivable whether owed at the commencement of the case or acquired after the commencement of the case. 11 U.S.C. § 541(a)(7). Thus, based on a plain reading of the Bankruptcy Code, the Payment is property of the bankruptcy estate.

In its Response, Labor relies not on the Bankruptcy Code, but on one section of the Code of Federal Regulations ("CFR"), and a single bankruptcy case from Virginia to argue that the GSA funds owed to the Debtor are not property of the Debtor's estate. Both the case and the CRF statute will be distinguished below. Given the Bankruptcy Code's broad definition of property of the estate, 11 U.S.C. § 541(a)(7), and the inapplicability of Labor's cited caselaw and statute, the Payment constitutes property of the bankruptcy estate.

   ii.  *In re Career Consultants* Does Not Apply to this Case Because the Eleventh Circuit Does Not Allow Assertion of the Doctrine of Recoupment to Defend Affirmative Violations of the Automatic Stay.

In its Response, the United States argues that the case of *In re Career Consultants, Inc.,* 84 B.R. 419, 424-25 (Bankr.E.D. Va. 1988) holds that the funds in question are not property of

3

the bankruptcy estate. This case is not binding precedent in the Eleventh Circuit, and, further, it does not apply because Labor is barred from asserting the affirmative defense of recoupment in this federal circuit.

In *In re Career Consultants*, the court determined that Labor was entitled to take possession of funds belonging to the Debtor on the basis of recoupment; "in *In re Career Consultants, Inc* … the court held that the recouping party's determination of the amount to be recouped was proper, subject to [bankruptcy] court oversight." *Matter of Holford*, 896 F. 2d 176 (5th Cir. 1990). Recoupment in the Eleventh Circuit requires a finding that the United States is setting-off moneys owed to the Debtor against moneys owed to the United States, not moneys that Labor is collecting on behalf of third-parties. Further, Labor's overt actions to take possession of estate property do not qualify as recoupment.

Recoupment and setoff are related, but separate doctrines. Setoff is codified in the Bankruptcy Code, but recoupment is not. A creditor may only utilize the 11 U.S.C. § 553 setoff if it has first obtained relief from the Automatic Stay. 11 U.S.C. § 362(a)(7). Recoupment does not require stay relief, but is limited to specific narrow circumstances in the Eleventh Circuit.

The United States is not entitled to recoupment in this case because "recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded." *In Re Smith*, 737 2d 1549, 1553 (11th Cir. 1984) (citing *Bull v. United States*, 295 U.S. 247, 262 (1935). In the Eleventh Circuit bankruptcy-court context, to be entitled to the defense of recoupment, the United States "must show that (1) the [Debtor's right to payment] and the [United States's] debt claim arose from the same transaction, (2) [the United States] is asserting [its] claim as a *defense,* and (3) the 'main action' is timely. All three requirements must be satisfied." *Id.* at 1553. (emphasis original).

Recoupment does not apply to this case because the Debtor does not owe any debts to Labor; "[t]he United States admits that [Labor] is not a creditor of the Debtor." United States Resp., ¶ 10, [Doc. 72]. Instead, Labor is affirmatively seeking to collect moneys on behalf of the Debtor's former employees without regard to the Automatic Stay of Section 362 and the claims priority rules of Section 1507. Further, as stated above, the Eleventh Circuit in *Smith* held that to

4

"qualify as recoupment, a cause of action must be asserted defensively." *Id.* at 1553-54. Here, Labor did not act defensively: it affirmatively sought to seize assets belonging to the Debtor to satisfy debts owed to individual creditors of the Debtor. Labor cannot qualify for recoupment under the Eleventh Circuit's applicable test. Accordingly, this case cited by Labor does not apply, and the Payment constitutes property of the estate.

> iii. 29 CFR § 4.187(a) Does Not Apply to a Bankruptcy Proceeding and Labor's Interpretation of 29 CFR § 4.187(a) and 29 U.S.C. § 187 Violate the Principals of *Chevron* Deference.

Labor argues that 29 C.F.R. § 4.187 allows it to take possession of moneys owed to the Debtor without those funds becoming property of the bankruptcy estate. This code section states in part:

> In order to effectuate the efficient administration of this provision of the Act, such withheld funds shall be transferred to the Department of Labor for disbursement to the underpaid employees on order of the Secretary or his or her authorized representatives, an Administrative Law Judge, or the Administrative Review Board, and are not paid directly to such employees by the contracting agency without the express prior consent of the Department of Labor.

29 C.F.R. § 4.187(a). This section does not make any mention of the Bankruptcy Code or seeks to alter or amend the procedures for cases arising under the Bankruptcy Code. Instead, it states that other administrative agencies must turnover funds to Labor if so ordered to do so by the Secretary of Labor. When the Secretary of Labor, through his designates, made demand on GSA to turnover funds, he did so at the risk of violating the Automatic Stay. Just like any other creditor or party-in-interest, Labor cannot claim that property is not property of the bankruptcy estate because a single administrative code section gives it authority to seek turnover of funds in certain circumstances, subject to all other laws and regulations.

29 C.F.R. § 4.187 is a regulation drafted by Labor, not a statute approved by Congress. Therefore, Labor's reliance on its administrative rules raise issues of whether *Chevron* Deference applies: the Eleven Circuit has stated that:

> The two-step process set out in *Chevron U.S.A., Inc. v. N.R.D.C.,* 467 U.S. 837, 842-45, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), guides us in determining whether to afford deference to an agency regulation interpreting a statute the agency is charged with administering. First, we ask 'whether Congress has directly spoken to the precise question at issue.' *Id.* at 842, 104 S.Ct. 2778. If the will of Congress is clear from the statute itself, our inquiry ends — 'the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.' *Id.* at 842-43, 104 S.Ct. 2778. '[I]f the statute is silent or ambiguous,' however, we next ask whether the agency's construction of the statute is reasonable. *Id.* at 843-44, 104 S.Ct. 2778.

*Smith v. BellSouth Telecommunications, Inc.,* 273 F. 3d 1303, 1307 (11th Cir. 2001).

Neither 29 C.F.R. § 4.187 nor the section of the U.S. Code for which it is based - 29 U.S.C. § 187 - make any reference to the Bankruptcy Code, property of the bankruptcy estate, or the priorities of creditors under the Bankruptcy Code. The Bankruptcy Code does not contain any exception or deference to 29 U.S.C. § 187 or Labor's regulations.

Instead, 29 U.S.C. § 187 gives standing to injured parties to sue for unfair labor practices. 29 C.F.R. § 4.187 interprets that standing rule to allow Labor to take action on behalf of injured parties and allow it to make demand on other government agencies for turnover of funds. The first test of *Chevron* is satisfied in this case to reject deference: Congress unambiguously did not intend to modify 11 U.S.C. §§ 507 & 541 through the passage of 29 U.S.C. § 187. The second test of *Chevron* is also satisfied: Labor's interpretation that it a rule it wrote related to the enforcement of Title 29 of the U.S. Code could somehow modify Congress's intent in the Bankruptcy Code is not reasonable. 29 C.F.R. § 4.187 gives Labor rights to intercept money from other federal agencies, but not at the expense of nullifying the Bankruptcy Code's definition of property of the estate or the Bankruptcy Code's priority rules.

29 C.F.R. § 4.187(a) does not apply to make the Payment not property of the bankruptcy estate because this rule, and the statute it is based upon, does not modify the language of 11 U.S.C. §§ 507 & 541. Further, Labor's interpretation of this section of the CFR in this case is not reasonable, given the circumstances - Labor asks this Court to ignore or override major precepts of the Bankruptcy Code and so disregard the stated intent of Congress. Labor's interpretation is

6

due no deference. The funds GSA owes to the Debtor are property of the bankruptcy estate, not property of Labor or the Debtor's employees for whom Labor is acting.

> B. 11 U.S.C. § 362(B)(4) DOES NOT SHIELD LABOR FROM LIABILITY FOR VIOLATING THE AUTOMATIC STAY WHEN IT ACTS TO PROTECT A PECUNIARY INTEREST OF THE DEBTOR'S EMPLOYEE-CREDITORS.

The Debtor acknowledges that 11 U.S.C. § 362(b)(4) (the "Police Powers") allows Labor to take certain actions to enforce the McNamra-O'Hara Service Contract Act (the "SCA") without violating the Automatic Stay: Labor may conduct an independent investigation, subpoena records, file lawsuits, or seek injunctive relief all without violating the Automatic Stay. *See e.g., Eddleman v. US Dept. of Labor*, 923 F. 2d 782 (10th Cir. 1991) (holding no violation of the automatic stay where Labor acted only to determine a sum-certain due to employee-claimants and took no action to collect on those amounts). Labor is within its regulatory and police powers to determine the claim amounts owed by the Debtor to its employees so long as Labor takes no action to collect on those amounts owed.

However, 11 U.S.C. § 362(b)(4) does not "apply to actions by a governmental unit to protect a pecuniary interest in property of the debtor or property of the estate." *Donavan v. TMC Industries, Ltd.,* 20 BR 997 (Distr. Ct, ND GA 1982) (citing Remarks of Rep. Don Edwards, 124 Cong. Rec. H11089 (1978), *reprinted in* [1978] *U.S.Code Cong. & Ad.News,* 6436, 6444-45; Remarks of Sen. Dennis DeConcini, 124 Cong.Rec. S17406 (1978), *reprinted in* [1978] *U.S.Code Cong. & Ad.News,* 6505, 6513.) 11 U.S.C. § 362(b)(4) indicates that the stay under section 362(a)(1) does not apply to affect the commencement or continuation of an action or proceeding by a governmental unit to enforce the governmental unit's police or regulatory power. As the Congressional record above shows, this section is intended a narrow construction in order to permit governmental units to pursue actions to protect the public health and safety, but does not to apply to actions by a governmental unit to protect a pecuniary interest in property of the debtor or property of the estate.

Courts have noted that "where the administrative agency is acting in a quasi-judicial capacity seeking to adjudicate private rights rather than effectuate public policy as defined by regulatory law the (b)(4) exception is inapplicable." *Donavan* at 1003 (citing *In re Dan Hixson*

7

Case 18-82948-CRJ11    Doc 84    Filed 01/02/19    Entered 01/02/19 15:00:34    Desc Main
Document      Page 7 of 10

*Chevrolet Co.,* 12 B.R. 917, 921 (Bankr.N.D.Tex.1981). "The court notes that the individuals claiming unpaid wages will not receive any extra priority by virtue of this action. Actual collection of the back pay and liquidated damages claims must proceed according to normal bankruptcy procedures." *Martin v. Safety Elec. Const., Co., Inc.* 151 BR 537, 639 (Distr. Ct. D. Conn. 1993). 11 U.S.C. § 362(b)(4) does not exempt U.S. Department of Health and Human Services from a violation of the Automatic Stay related to Medicare reimbursements; such conduct "warrant[s] an award of actual attorney's fees, costs, and expenses." *In re Advanced Pro. Home Health Care, Inc.*, 82 BR 837, 845 (Bankr.E.D. Michigan 1988). When Labor took overt steps to take control of the Payments, it was not enforcing its police and regulatory powers, it acted to protect a pecuniary interest in property of the estate on behalf of favored creditors.

In *Eddleman v. US Dept. of Labor*, the Tenth Circuit considered a case similar to the present one: after the debtors filed a Chapter 11 petition, Labor commenced an administrative action against the debtors for violation of the SCA and to liquidate the amount of damages the debtors owed to their employee-creditors. The debtors responded by filing an adversary proceeding against Labor in the bankruptcy court for violating the Automatic Stay. The appellate court considered the issue of whether Labor's actions in that case fell within the Police Powers exception. The court stated the following:

> Of course, not every agency action against a debtor can be characterized as one that enforces 'police or regulatory power.' Consequently, courts have developed two tests for determining whether agency actions fit within the exception. Under the 'pecuniary purpose' test, the court asks whether the government's proceeding relates primarily to the protection of the government's pecuniary interest in the debtor's property and not to matters of public policy. If it is evident that a governmental action is primarily for the purpose of protecting a pecuniary interest, then the action should not be excepted from the stay. In contrast, the 'public policy' test distinguishes between government proceedings aimed at effectuating public policy and those aimed at adjudicating private rights. Under this second test, actions taken for the purpose of advancing private rights are not excepted from the stay.

*Eddleman* at 791 (citing *NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 942 (6th Cir. 1986); *In re State of Missouri*, 647 F.2d 768, 776 (8th Cir. 1981)). The *Eddleman* court held that Labor did not violate the Automatic Stay because it sought to determine the amount of the

employees' claims and the agency did not collect on those claims: "We conclude instead that the request for liquidation of back-pay claims was but another method of enforcing the policies underlying the SCA. **Our conclusion is bolstered by the fact that the backpay claimants would not receive any extra priority by virtue of the DOL action. Actual collection of the back-pay claims must proceed according to normal bankruptcy procedures**." *Id*. at 791 (emphasis added).

This analysis applies to the case at hand: the Debtor does not dispute that Labor can conduct an investigation and bring suit if it so chooses, but Labor has admitted that it intends to intercept property of the Debtor's estate for the benefit of certain preferred creditors and distribute that property without order of this Court and in violation of 11 U.S.C. § 507. Labor does not intend to determine a sum-certain claim amount for the employees, it is acting as a collection agency. Labor is violating both the "pecuniary purpose" test and the "public policy" test articulated by the *Eddleman* court.

There is no policy justification for Labor's actions in this case, especially in light of 11 U.S.C. § 507's priority status for unpaid employee wages and benefits. Labor's violation of the Automatic Stay does not fit into the Police Powers exception. It is not exempted from this Court imposing the appropriate remedy for a willful stay violation.

WHEREFORE, PREMISES CONSIDERED, SSGWWJV LLC request that this Honorable Court make the following findings of fact and conclusions of law:

(a) The Payments GSA owes to the Debtor in this case constitute property of the Debtor's bankruptcy estate;

(b) 11 U.S.C. § 362(b)(4) does not apply to shield Labor and GSA from the appropriate remedy for violating the Automatic Stay; and

(c) Make such further finds of fact, conclusions of law, and grant such further relief as this court deems just and proper.

9

Respectfully submitted this the 2nd day of January, 2019.

>*/s/ Tazewell T. Shepard IV*
>Tazewell T. Shepard III
>Tazewell T. Shepard IV
>*Attorneys for Debtor-in-Possession*
>
>**SPARKMAN, SHEPARD & MORRIS, P.C.**
>P.O. Box 19045
>Huntsville, AL 35804
>Tel: (256) 512-9924
>ty@ssmattorneys.com

### CERTIFICATE OF SERVICE

This is to certify that I have this the 2nd day of January, 2019 served the foregoing document upon the Debtor's 20 largest unsecured creditors, Richard Blythe, Office of the Bankruptcy Administrator, P.O. Box 3045, Decatur, AL 35602, Richard O'Neal, Assistant U.S. Attorney, 1801 4th Avenue N., Birmingham, AL 35203, and all persons requesting notice by electronic service through the Court's CM/ECF system and/or by depositing said copies in the United States Mail in properly addressed envelopes with adequate postage thereon:

>*/s/ Tazewell T. Shepard IV*
>Tazewell T. Shepard IV

10