# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

In re: SARAI SERVICES GROUP, INC.[1]  )
                                                  ) Case No.: 18-82948-CRJ-11
      EIN: xx-xxx2969 )
                                                  )
          Debtor. ) CHAPTER 11
                                                  )

## DEBTOR'S MOTION FOR INTERIM
## AUTHORITY TO USE CASH COLLATERAL

COMES NOW Sarai Services Group, Inc. (the "Debtor"), and shows unto this Honorable Court the following:

### Background

1. On October 3, 2018, (the "Commencement Date"), the Debtor commenced with this Court a voluntary case under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

2. This Court has subject matter jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Debtor is a corporation organized and operating under the laws of the State of Alabama and is engaged in the business of government contracting.

4. In its filed bankruptcy schedules, the Debtor valued its accounts receivable under 90 days old at $1,524,607.45 and its accounts receivable over 90 days old at $1,987,795.39.

---

[1] In addition to Sarai Services Group, Inc., the Debtors include the following: SSGWWJV LLC, Case No. 18-82949-CRJ-11; Sarai Investment Corporation, Case No. 18-82950-CRJ-11; and CM Holding, Inc., Case No. 18-82951-CRJ-11.

5. As of the Commencement Date, the Debtor believed it had previously satisfied all secured, perfected liens on its personal property; it listed no secured creditors on its bankruptcy schedules.

6. Creditor Everest Business Funding ("Everest") has filed a proof of claim [Claim 6-1] listing a claim for $66,717.83 as secured by the Debtor's accounts receivable.

7. Creditor Pearl Delta Funding, LLC ("Pearl") has filed a proof of claim [Claim 30-1] listing a claim for $133,750.00 as secured by the Debtor's accounts receivable.

8. On February 5, 2019 this Court approved the Debtor's first motion for interim authority to use cash collateral.

9. The Debtor now seeks interim authority to use cash collateral through the date of May 31, 2019.

10. During the course of this case, another creditor and the Bankruptcy Administrator discovered that Pearl had debited approximately $20,000.00 from the Debtor post-petition without court authorization. Pearl had notice of this bankruptcy case. The Debtor is currently exploring an action for stay violation and other counts to assert against Pearl.

## Relief Requested

11. Assuming Everest and Pearl's proofs of claim are valid and secured, their interest in the Debtor's accounts receivable constitute "cash collateral" within the meaning of § 363(a) of the Bankruptcy Code (the "Cash Collateral").

12. 11 U.S.C. § 363(c)(2) prohibits a debtor from utilizing Cash Collateral without the consent of such party or absent Court approval. Pursuant to 11 U.S.C. § 363(c)(2)(B), Debtor seeks authorization from this Court, to use the cash collateral of Everest and/or Pearl.

13. Debtor's primary source of cash for the continued operation of its business is operating revenue and collection of its accounts receivable, both of which constitute Cash Collateral.

14. Debtor has an immediate need for authority to continue to use the Cash Collateral in its ongoing business operations. If Debtor is not permitted to use the Cash Collateral, it will have to shut down its business, thus hindering any prospects of future reorganization.

15. The Debtor is not aware of any other creditors who possess an interest in its Cash Collateral.

16. The Debtor believes that Everest and Pearl's interests in its Cash Collateral are adequately protected: their claimed combined debt of $200,467.83 is secured by an equity cushion of over $3.3million in accounts receivable.

17. As adequate protection, the Debtor proposes to grant to Everest, Pearl, and any other creditor with a secured interest in the Debtor's Cash Collateral a replacement lien in the Debtor's post-petition assets, and proceeds of same, to the same extent, priority and validity as its pre-petition lien, to the extent that the Debtor's use of Cash Collateral results in a decrease in the value of these creditor's interest in the Cash Collateral.

18. Given that the secured nature of Everest's and Pearl's claims are in dispute, the Debtor respectfully requests that this Court make any post-petition liens granted to these creditors interim in nature; the Debtor would like to conduct discovery and may object to either claim if necessary.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order: permitting the use of cash collateral upon the terms and conditions stated herein; and granting such other and further relief as this Court deems just and proper.

Respectfully submitted this the 28th day of March, 2019.

/s/ Tazewell T. Shepard IV
Tazewell T. Shepard III
Tazewell T. Shepard IV
*Attorneys for the Debtor*

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P. O. Box 19045
Huntsville, AL  35804
Tel: 256/512-9924
Fax: 256/512-9837
ty@ssmattorneys.com

## CERTIFICATE OF SERVICE

This is to certify that this the 28th day of March, 2019, I have this day served the foregoing motion on all parties requesting notice, all parties listed on the Clerk's Certified Matrix and Richard Blythe, Office of the Bankruptcy Administrator, by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard IV