# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re: SARAI SERVICES GROUP, INC.[1] ) | |
| ) | Case No.: 18-82948-CRJ-11 |
| EIN: xx-xxx2969 ) | |
| ) | |
| Debtor. ) | CHAPTER 11 |
| _____ ) | |

## DEBTOR'S AMENDED MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT WITH THE GENERAL SERVICES ADMINISTRATION AND THE U.S. DEPARTMENT OF LABOR

COMES NOW Sarai Services Group, Inc., as Chapter 11 Debtor ("Debtor"), and shows unto this Honorable Court the following:

### Background

1. On October 3, 2018, the Debtor commenced with this Court a voluntary case under Chapter 11 of Title 11, United States Code.

2. This Court has subject matter jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. On December 12, 2018, the Debtor filed a Motion for Turnover of Property of the Estate and Request for Sanctions for Violation of the Automatic Stay, alleging that the General Services Administration ("GSA") owed the Debtor over $258,000.00 for post-petition services rendered under three GSA contracts and that the U.S. Department of Labor, Wage and Hour Division, Southwest Regional Office ("DOL") had demanded that GSA transfer the sums owed to the Debtor to DOL while DOL conducts its own investigation related to the termination of the three GSA contracts.[2]

4. The parties have appeared before this Court and briefed several issues in this matter. The parties have also engaged in concerted negotiations.

---

[1] In addition to Sarai Services Group, Inc., the Debtors include the following: SSGWWJV LLC, Case No. 18-82949-CRJ-11; Sarai Investment Corporation, Case No. 18-82950-CRJ-11; and CM Holding, Inc., Case No. 18- 82951-CRJ-11.

[2] The three GSA contracts in question were entered into with SSGWWJV, LLC and have the following contract numbers, 47PH0217D0001; GS-07-P-17-JU-D-0008; and GS-07-P-17-JU-D-0010.

5. To resolve this controversy, the Debtor, GSA and DOL have reached a compromise and settlement, which the Debtor presents to the Court with this motion. The Debtor avers that this proposed resolution is in its best interest and the bankruptcy estate as a whole. This agreement resolves the claims identified herein related to the three GSA contracts and the related post-petition SCA claims but it does not impair administrative claims, to the extent any may exist, that may be filed by any Wage and Hour Office with the exception of the Wage and Hour Southwest Region which claims are resolved fully by this motion. This motion will not impact any claims that other agencies within the U.S. Department of Labor may have, including but not limited to the Employee Benefit Security Administration (EBSA).

### **Jurisdiction and Notice**

6. The Debtor brings the Motion pursuant to § 105 of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure.

7. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). To the extent that this Court is being asked to enter a final order on any non-core matter, the Parties expressly consent to the entry of a final order.

8. Pursuant to Bankruptcy Rule 2002, the Debtor proposes to serve a copy of this Motion upon the Bankruptcy Administrator, the Debtor's 20 largest unsecured creditors, and all parties requesting notice in the Debtor's bankruptcy case.

### **Agreement for Compromise and Settlement**

9. The agreement by and between the parties to resolve all issues involved in this dispute are as follows:

    a. Upon entry of an Order approving this settlement, GSA will tender the entire sum in its possession, $208,690.97, in a payment of $117,765.21 to the Debtor and a payment of $90,925.76 to DOL, thus terminating GSA's liability in this dispute;

    b. With DOL's receipt of the GSA payment, DOL's post-petition claim in this case, , and the Debtor's entire post-petition liability to DOL[3] with respect to monies owed pursuant to the Service Contract Act on the 3 identified GSA contracts will be deemed satisfied;

---

[3] This settlement is limited to the resolution of the SCA post-petition claims as defined in this motion and specifically does not include any claims asserted by the U.S. Department of Labor under Title 1 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., as amended (ERISA). DOL has filed a proof of claim for amounts that are owed under ERISA, proof of claim no. 34-1. The initial review conducted by EBSA indicates that the Debtor may be a fiduciary of health and welfare plans covered by ERISA. EBSA's investigation under ERISA is ongoing and any potential post-petition claims are not included in this settlement. Furthermore, to the extent that additional pre-petition and post-petition claims exist related to contracts not specifically listed in this motion, such claims are not released.

    c. With Debtor's receipt of the GSA payment, Debtor releases GSA from any further claims related to the payment of any funds for the contracts which are the subject of the Motion for Turnover of Property of the Estate and Request for Sanctions for Violation of the Automatic Stay;

    d. GSA and DOL will not propose or request any restrictions on the funds that the Debtor receives from GSA, and no other agency or entity of DOL will interfere with GSA's payment of $117,765.21 to the Debtor;

    e. DOL will provide an itemized list of who they pay from this GSA payment, so that the Debtor may object to any duplicate claims that are filed in its Chapter 11 case; and,

    f. DOL represents that it does not propose or intend to pay any exaggerated benefit claims promoted by the union.

## Business Justification for Compromise and Settlement

  10. Bankruptcy Rule 9019(a) authorizes a bankruptcy court to approve compromises and settlements. The approval or rejection of a compromise is left to the sound discretion of the Bankruptcy Court, and is to be determined by the particular circumstances of each proposed compromise. The term "sound discretion" denotes the absence of a hard-and-fast rule. When invoked as a guide to judicial action, it means a decision giving due regard to what is right and equitable under the particular circumstances of the case and applicable law. *Langes v. Green*, 282 U.S. 531, 541 (1931).

  11. Courts have supplied the following criteria when determining the acceptability of a proposed compromise:

(i) The probability of success in the litigation;
(ii) The complexity of the litigation involved; and
(iii) The expense, inconvenience, and delay necessarily attending the litigation (including the possibility that denial of the settlement will cause the depletion of assets).

*Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990) and *In re Jackson Brewing Co.,* 624 F.2d 605, 607 (5th Cir. 1980). *See also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). The court is required to decide whether the settlement falls below the lowest point in a range of reasonableness. *Anacona-Ericsson v. Hennson (In re Teletronics Services, Inc.)*, 762 F.2d 185, 187-89 (2d Cir. 1985) (quoting *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983), *cert* denied 464 U.S. 822 (1984)).

  12. Although the parties each believe strongly in their respective claims and defenses, each also recognizes the risks inherent in any litigation.

13. A settlement of the parties' disputes in accordance with this Motion will result in the resolution of these claims and minimize the bankruptcy estate's administrative costs.

14. The proposed compromise and settlement is consistent with the intent and the requirements of Title 11 of the U.S. Code.

15. This settlement and compromise is proposed in good faith and is the product of arms-length negotiations that have occurred between the Parties over an extended period of time.

### Conclusion

WHEREFORE, PREMISES CONSIDERED, the Debtor requests that this Court:

A. Enter a final order approving this compromise and settlement; authorizing the parties to execute and deliver any and all other documents which may be necessary or appropriate to effectuate the compromise and settlement described herein; and

B. Granting such further and different relief as this Court may deem just and appropriate.

Respectfully submitted, this the 28th day of May, 2019.

/s/ Tazewell T. Shepard III
Tazewell T. Shepard III
Tazewell T. Shepard IV
Attorneys to Debtor-in-Possession

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P. O. Box 19045
Huntsville, AL  35804
Tel: (256) 512-9924
Fax: (256) 512-9837

### CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing document upon all the parties listed on the Clerk's Certified Matrix and Richard M. Blythe, Office of the Bankruptcy Administrator, by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

Respectfully submitted this the 28th day of May, 2019.

/s/ Tazewell T. Shepard III
Tazewell T. Shepard III