# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

In re: SARAI SERVICES GROUP, INC.[1]  )
                                      )  Case No.: 18-82948-CRJ-11
EIN: xx-xxx2969                       )
                                      )
        Debtor.                       )  CHAPTER 11
                                      )

## DEBTOR'S RESPONSE TO LISA ROGERS' MOTION TO WITHDRAW CLAIM

COMES NOW Sarai Investment Corporation (the "Debtor"), and files this Response to creditor Lisa Rogers' (the "Creditor") Motion to Withdraw Claim (the "Motion") as follows:

1. Prior to the commencement of this bankruptcy case, the Debtor and Creditor engaged in litigation over a business dispute in Alabama state court.

2. Since the filing of this bankruptcy case over a year ago, the only activity concerning the litigation has been the Creditor obtaining permission from this Court to file a counterclaim in the state court action. Otherwise, there has been no discovery, no motions and no status conferences in the state court action.

3. The Debtor has filed a Plan of Reorganization (the "Plan") that is currently pending before this Court.

4. Creditor filed a proof of claim (Claim # 13) in this Chapter 11 case, and the Plan provides treatment for Creditor's claim.

5. To date, Creditor has not cast a ballot to vote in favor or against confirmation of the Plan. Creditor has not filed an objection to the Debtor's Disclosure Statement or Debtor's Plan of Reorganization.

6. No party to this case has filed an objection to Creditor's proof of claim.

---

[1] In addition to Sarai Services Group, Inc., the Debtors include the following: SSGWWJV LLC, Case No. 18-82949-CRJ-11; Sarai Investment Corporation, Case No. 18-82950-CRJ-11; and CM Holding, Inc., Case No. 18-82951-CRJ-11.

7. The Debtor does not object to the Motion to the extent Creditor chooses not to participate in any distribution to creditors. However, the Debtor objects to the Motion to the extent Creditor seeks to litigate in state court a matter not currently in controversy.

8. Requiring the Debtor to litigate Creditor's claim in state court would unnecessarily deplete the Chapter 11 Estate's resources in attorney's fees and court costs, to the detriment of the Debtor's other creditors.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that this Court: deny Lisa Rogers' Motion to the extent she seeks relief from the 11 U.S.C. § 362 Automatic Stay; and grant such further relief as this Court deems just and proper.

Respectfully submitted this the 21st day of November, 2019.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard III
Tazewell T. Shepard IV
*Attorneys for Debtor-in-Possession*

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P.O. Box 19045
Huntsville, AL 35804
Tel: (256) 512-9924
ty@ssmattorneys.com

### CERTIFICATE OF SERVICE

This is to certify that I have this the 21st day of November, 2019 served the foregoing document upon the Debtor's 20 largest unsecured creditors, Richard Blythe, Office of the Bankruptcy Administrator, P.O. Box 3045, Decatur, AL 35602, Whitney E. Tillman and Joe N. Lampley, 1330 Washington Street, Huntsville, AL 35801, and all persons requesting notice by electronic service through the Court's CM/ECF system and/or by depositing said copies in the United States Mail in properly addressed envelopes with adequate postage thereon.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard IV