## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| In re: SARAI SERVICES GROUP, INC.[1] | ) | |
| | ) | Case No.: 18-82948-CRJ-7 |
| EIN: xx-xxx2969 | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 7 |
| | ) | |

### MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT BY AND BETWEEN JUDITH THOMPSON, TRUSTEE, JAMES C. MITCHELL AND DEBTORS

COME NOW Judith C. Thompson, Trustee of the above captioned Bankruptcy Estate ("Trustee"), James Calvin Mitchell ("Mitchell") and the collective Debtors, and respectfully represent that they have reached an agreement to settle and compromise the below-described claims and disputes involved in the above-captioned bankruptcy proceeding. As grounds for this motion, the Trustee states the following:

### I. Background

1. On or around October 3, 2018, Debtors each filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division (the "Bankruptcy Court").

2. On November 8, 2018, the Bankruptcy Court entered an Order approving the joint administration of the four cases.

3. On August 27, 2020, the Bankruptcy Court entered an Order tentatively converting the cases to Chapter 7. On September 8, 2020, that Order became final.

4. The assets of the Bankruptcy Estate include certain real property located at 3300 Westmill Road, Huntsville, AL 35805 (the "Westmill Property"). Debtors valued said asset at $220,000.00 in their bankruptcy schedules. Trustee has reviewed and concluded that this is a fair and reasonable value for the Westmill Property.

---

[1] In addition to Sarai Services Group, Inc., the Debtors include the following: SSGWWJV LLC, Case No. 18-82949-CRJ-11; Sarai Investment Corporation, Case No. 18-82950-CRJ-11; and CM Holding, Inc., Case No. 18- 82951-CRJ-11.

1

5. Mitchell is a former employee of the Debtors. Mitchell has filed Claim No. 26-1 in the case for a total amount of $1,039,256.00, consisting of a priority claim of $12,850.00 for unpaid wages and the balance representing an unsecured claim for monies loaned to the Debtors.

6. Mitchell currently operates another business out of the Westmill Property and is interested in purchasing same from the Bankruptcy Estate.

7. The Trustee alleges that Mitchell may owe the Estate rent for his continued use of the Westmill Property. Mitchell contends that he has incurred costs in continuing to maintain the property and make improvements which offset any such rent. Mitchell also asserts that any rent is further offset by the Prof of Claim filed in the case.

## II. Jurisdiction and Notice

8. The parties bring this motion for approval of compromise and settlement (this "Motion") pursuant to Section 105 of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). This Motion is a contested matter under Bankruptcy Rule 9014.

9. The Bankruptcy Court has jurisdiction over this matter by virtue of 28 U.S.C. section 1334, and this matter is a core proceeding pursuant to 28 U.S.C. section 157(b).

10. Pursuant to Bankruptcy Rule 2002, the Trustee proposes to serve a copy of this Motion upon the Bankruptcy Administrator, all creditors, and all parties requesting notice.

11. Pursuant to Bankruptcy Rule 2002, the Trustee proposes that the Bankruptcy Court provide no less than 20 days' notice by mail to all creditors of the time within which objections to the relief requested in this Motion must be filed and of the hearing on any such objections.

## III. Agreement for Compromise and Settlement

12. The agreement between the Trustee, Mitchell and Debtors is as follows:

    a. Mitchell will pay the total sum of Two Hundred Twenty-Five Thousand Dollars ($225,000.00) in certified funds made payable to the Trustee, and to be delivered at a closing to occur on or before March 1, 2021 unless mutually extended by the parties.

    b. If for any reason Mitchell fails to make full payment in accordance with the terms above, Mitchell will be liable for the unpaid balance still due and owing, plus interest in the amount of twelve (12%) percent per annum from the date of entry of a final non-appealable order approving this motion and reasonable attorney's fees and expenses for collection as a result of said default.

2

c. Mitchell will cancel and release Claim 26-1 that was filed in the case, and will waive and forfeit any right to participate in a distribution of funds by the Trustee in this case.

d. Upon receipt of the $225,000.00, Trustee will execute and provide Mitchell with a Trustee's Deed conveying the Westmill Property to Mitchell, or his designee. To the best of the Trustee's knowledge, information and belief, no entity other than the Estates or the Debtors have an interest in the property that is the subject of this notice. However, the Trustee has not obtained or requested a search of the title to the subject real property. The property is being sold "as is" with no warranties or guarantees whatsoever as to title or condition, and subject to any liens or encumbrances of record, including any restrictive covenants, easements and/or right of ways.

e. Mitchell will be responsible for any and all closing costs and settlement charges associated with closing, including but not limited to surveys, inspections, reports, title exams, title insurance, any previous years' ad valorem taxes and all of the current year's ad valorem taxes that may be owed on the property.

f. The Closing Agent, if any, will serve as the Trustee's Designated Agent for the purpose of closing and distributing the settlement proceeds.

g. The Trustee and Mitchell will release and discharge each other (and their successors and assigns) from all liens, suits, claims and counterclaims arising out of or otherwise related to the matters described herein or related to the Debtors' bankruptcy case in all respects.

### IV. Business Justification for Compromise and Settlement

13. Bankruptcy Rule 9019(a) authorizes a bankruptcy court to approve compromises and settlements. The approval or rejection of a compromise is left to the sound discretion of the bankruptcy court, and is to be determined by the particular circumstances of each proposed compromise. The term "sound discretion" denotes the absence of a hard-and-fast rule. When invoked as a guide to judicial action, it means a decision giving due regard to what is right and equitable under the particular circumstances of the case and applicable law. Langes v. Green, 282 U.S. 531, 541 (1931).

14. The courts have supplied the following criteria when determining the acceptability of a proposed compromise:

(i) The probability of success in the litigation;
(ii) The complexity of the litigation involved; and
(iii) The expense, inconvenience, and delay necessarily attending the litigation (including the possibility that denial of the settlement will cause the depletion of assets).

Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks II, Ltd.), 898 F.2d 1544 (11th Cir. 1990) and In re Jackson Brewing Co., 624 F.2d 605, 607 (5th Cir. 1980). See also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968). The court is required to decide whether the settlement falls below the lowest point in a range of reasonableness. Anacona-Ericsson v. Hennson (In re Teletronics Services, Inc.), 762 F.2d 185, 187-89 (2d Cir. 1985) (quoting Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983), cert denied 464 U.S. 822 (1984)).

15. Although the parties to this Motion each believe strongly in their respective claims and defenses, each also recognizes the risks inherent in any litigation.

16. Trustee avers that the settlement amount of $225,000.00 is fair and reasonable. First, it exceeds the amount the Debtors and Trustee both estimate to be the value of the Westmill Property. Second, this settlement will result in the liquidation of the subject property on a more expedited basis than would be the case if protracted litigation ensued. Further, the settlement will also minimize the Trustee's administrative costs, as the Trustee will not have to hire and pay the costs associated with an auctioneer selling the subject property. This alone will save the Estate over $22,000.00, further establishing that the settlement amount is reasonable. Finally, it eliminates a significant liability against the Estate, thus maximizing and increasing amount available for a distribution to creditors in the case.

17. The proposed compromise and settlement is consistent with the intent and the requirements of the Bankruptcy Code. The settlement proceeds described herein shall, after payment of costs and expenses of the Trustee, be used to pay a portion of the allowed expenses and claims of creditors of the Estate.

18. This settlement and compromise is proposed in good faith and is the product of arms-length negotiations that have occurred between the parties over an extended period of time.

WHEREFORE, PREMISES CONSIDERED, the parties request that the Bankruptcy Court enter an order:

A. Approving the compromise and settlement by and between the Trustee Mitchell and Debtors in accordance with the terms of this Motion;

B. Authorizing the Trustee to execute and deliver any and all other documents which may be necessary or appropriate to effectuate the compromise and settlement described herein; and

C. Granting such further and different relief as the Bankruptcy Court may deem just and appropriate.

Respectfully submitted, this 4th day of January 2021.

                                              **/s/ Judith Thompson**

Judith Thompson
*Trustee in Bankruptcy*
P.O. Box 18966
Huntsville, AL 35804
Tel: (256) 880-2217

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon those parties as found on the Clerk's Certified Matrix by placing a copy of same in the U. S. Mail, postage prepaid.

This the 4th day of January 2021.

                                              **/s/ Judith Thompson**

Judith Thompson